UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS MANNING HOOK,

    Plaintiff,

v.                                              Case No: 8:17-cv-1103-T-23JSS

JAMES NABORS and JERRICE
WAGNOR,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* and Plaintiff's Complaint. (Dkts. 1, 2.) For the reasons that follow, the Court recommends that Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* be denied without prejudice and that Plaintiff's Complaint be dismissed without prejudice.

**I.**    **Application to Proceed In Forma Pauperis**

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). A court's decision to grant *in forma pauperis* status is discretionary. *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983). When considering a motion filed under Section 1915(a), "'[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)). Here, Plaintiff has filed an affidavit of indigency requesting leave to initiate this lawsuit without the prepayment of fees. (Dkt. 2.) Plaintiff appears financially eligible to proceed *in forma pauperis*. It is unclear from Plaintiff's affidavit of indigency, however, whether Plaintiff is currently an inmate which would

require compliance with 20 U.S.C. § 1915(a)(2). Although Plaintiff completed the section of the affidavit entitled "For Prisoner Affiants Only," Plaintiff also stated that he was incarcerated from 2012 through 2015 and is released now. (Dkt. 2 at 4.) Pursuant to 20 U.S.C. § 1915(a)(2), a prisoner seeking to bring a civil action without prepayment of fees "shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." Because it is uncertain whether Plaintiff is currently a prisoner, the Court is unable to determine whether Plaintiff is required to submit a certified copy of his trust fund account statement. As such, the Court is unable to fully determine Plaintiff's financial eligibility to proceed *in forma pauperis*.

## II.     Review of the Complaint

When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it sua sponte if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Further, although pleadings drafted by pro se litigants are liberally construed, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), they must still "conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

In the Complaint, Plaintiff alleges that Defendants violated his constitutional right to access to the courts. (Dkt. 1 at 8.) Specifically, Plaintiff claims Defendants violated his civil rights by failing to provide reasonable access to legal research and reasonable legal writing supplies while he was detained in the Polk County jail. (Dkt. 1 at 8–9.) Plaintiff relies upon an order from the Circuit Court of the Tenth Judicial Circuit that grants his "Motion for Access to Law Library for

Legal Research, Copies and Legal Mail and Supplies" and argues Defendants violated that order. (Dkt. 1 at 9.)

In reviewing Plaintiff's Complaint, it appears that Plaintiff incorrectly answered Question IV(B) on page five of the Civil Rights Complaint Form, which asks whether he has "initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof." (Emphasis in original.) Plaintiff indicated that he has not. (Dkt. 1 at 5.) However, Plaintiff previously initiated another lawsuit in federal court against the Defendants based on the same incident alleged in the Complaint in this action. *See Hook v. Polk County Sheriff's Dep't, et al.*, 8:16-cv-1345-T-23TBM. In the previously-filed action, Plaintiff claimed that while detained in the Polk County jail, Defendants James Nabors and Jerrice Wagnor, as well as the Polk County Sheriff's Department, denied him access to a law library and reasonable quantities of writing materials and postage. The court dismissed Plaintiff's complaint for failure to state a claim of denial to access to the courts.

Similarly, Plaintiff's Complaint here fails to comply with the pleading requirements of Federal Rule of Civil Procedure 8. Under Rule 8, a complaint must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's Complaint contains no factual allegations showing that he is entitled to relief. (Dkt. 1.) Inmates have the right to meaningful access to the courts which includes the right to the resources necessary for inmates "to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Lewis v. Casey*, 518 U.S. 343, 351–53 (1996); *see Bounds v. Smith*, 430 U.S. 817, 824 (1977). However, this does not include "the capability of turning pages in a law library." *Lewis*, 518 U.S. at 357. Plaintiff "cannot merely allege a denial

of access to a law library or adequate attorney." *Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998). Rather, a plaintiff raising an access to the courts claim "must show actual injury before seeking relief." *Id.* at 1290. Essentially, a plaintiff must provide evidence that a prison official "impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action." *Id*. Here, Plaintiff does not allege that Defendants' actions impeded his right to pursue a nonfrivolous, post-conviction claim or civil rights action. Thus, Plaintiff fails to show the actual injury required to state a claim of denial to access to the courts. *Id*. Accordingly, it is

**RECOMMENDED**:

1. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Dkt. 2) be **DENIED** without prejudice.

2. Plaintiff's Complaint (Dkt. 1) be **DISMISSED** without prejudice, with leave to file an amended complaint that complies with the Federal Rules of Civil Procedure.

3. Upon filing an amended complaint, Plaintiff be required to either pay the filing fee to maintain this action or file a notarized and complete Affidavit of Indigency.[1]

**IT IS SO REPORTED** in Tampa, Florida on July 20, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

---

[1] These forms, listed as "Affidavit of Indigency" and "Application to Proceed without Prepayment of Costs – Long Form," can be found at the "Forms" section, "General" subsection, of this Court's website at http://www.flmd.uscourts.gov. If Plaintiff does not have access to the Internet to download this form, Plaintiff may obtain the form by contacting the Clerk's Office at 813-301-5400.

- 5 -

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.


Copies furnished to:
The Honorable Steven D. Merryday
Counsel of Record
Unrepresented Party